UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES SOLOMON,

                Petitioner,

v.                             Case No. 3:11-cv-1191-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.

_____

**ORDER**

**I. Status**

     Petitioner James Solomon, an inmate of the Florida penal system, initiated this action on November 28, 2011, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Solomon challenges a 2009 state court (Suwannee County, Florida) judgment of conviction for escape and possession of a controlled substance. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response; Doc. 12) with exhibits (Resp. Ex.). On March 16, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 9), admonishing Solomon regarding

his obligations and giving Solomon a time frame in which to submit a reply. Solomon notified the Court that he did not intend to file a brief in reply. See Doc. 18. This case is ripe for review.

## II. Procedural History

On July 22, 2003, in Case No. 03-240, the State of Florida charged Solomon with aggravated battery on a pregnant person (count one), escape (count two), and petit theft (count three). Resp. Ex. D at 1-2, Information. As a result of a negotiated plea agreement, see id. at 3, the court adjudicated Solomon guilty as to counts one and three and withheld adjudication on count two, see id. at 4-7. The court sentenced Solomon to three months in the county jail for count one, three months in the county jail for count three, both terms to run concurrently, with ninety days of credit for time served, and five years of probation for count two. Id. at 7-10.

On March 14, 2005, the State filed an Affidavit of Violation of Probation relating to conditions (5) and (10) and special condition (28-3) of the Order of Probation. Id. at 11. The violations related to Solomon failing to: live and remain at liberty without violating any law by committing the criminal offenses of possession of cocaine with intent to sell (count one), and possession of narcotic paraphernalia (count two); not possess or consume alcohol during the supervision period; and pay court costs and fines to the probation officer in accordance with the court's payment instructions. Id. The court issued a warrant for

2

Solomon's arrest. Id. at 18. On May 16, 2005, the court adjudicated Solomon guilty of escape from a treatment program (Case No. 03-240, count two), and sentenced him to one year of drug offender probation, sixty days in the county jail with credit for time served, and five years of probation. Id. at 21-24.

On March 18, 2005, in Case No. 05-116, the State charged Solomon with possession of cocaine. Resp. Ex. E at 1-2, Information. Solomon pled guilty, and the court sentenced him on May 16, 2005, to one year of drug offender probation and sixty days in the county jail with credit for time served, to run concurrently with the term imposed in Case No. 03-240. Id. at 7-14.

In August 2005, the State filed another Affidavit of Violation of Probation. Resp. Ex. D at 31. Solomon pled guilty, and the court sentenced him on September 12, 2005, to two years of community control supervision for possession of cocaine (Case No. 05-116), and two years of community control supervision for escape (Case No. 03-240), to run concurrently with the term imposed in Case No. 05-116. Id. at 43-47.

On December 28, 2005, the State filed an Affidavit of Violation of Probation, and later filed an Amended Affidavit. Id. at 48-51. At a hearing on November 19, 2009, see Resp. Ex. F, Transcript of the Hearing (Tr.), the court sentenced Solomon to a term of two years of imprisonment for possession of cocaine in Case No. 05-116, see Resp. Ex. E at 49-54, and a term of ten years of

3

imprisonment for escape in Case No. 03-240, to run consecutively to the term imposed in Case No. 05-116, see Resp. Ex. D at 55-60. Solomon appealed, but later filed a notice of voluntary dismissal. Resp. Ex. G. As such, on May 18, 2010, the appellate court dismissed Solomon's appeal. Resp. Ex. H.

On March 1, 2011, Solomon filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his request for post conviction relief, Solomon asserted that counsel was ineffective because he failed to: object to the prosecutor's unsworn representations to the sentencing judge; (2) produce records from the Georgia Department of Corrections to confirm Solomon's good behavior and rehabilitation while incarcerated; (3) call Ernestine Jones (Solomon's sister), "as a good character witness," Resp. Ex. J at 3; and (4) call Shalonda Walton (the victim), to testify. Id. at 1-7. The circuit court denied Solomon's motion on June 9, 2011. Id. at 8-41. On October 10, 2011, the appellate court affirmed the trial court's denial per curiam. See Solomon v. State, 72 So.3d 754 (Fla. 1st DCA 2011); Resp. Ex. K. The mandate issued on November 7, 2011. See Resp. Ex. L.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

## IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Standard of Review

The Court will analyze Solomon's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

5

> determined by the Supreme Court of
> the United States; or
>
> (2) resulted in a decision that
> was based on an unreasonable
> determination of the facts in light
> of the evidence presented in the
> State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars religation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> Under AEDPA, when the state court has
> adjudicated the petitioner's claim on the
> merits, a federal court may not grant habeas
> relief unless the state court's decision was
> "contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of the
> United States," 28 U.S.C. § 2254(d)(1), or
> "was based on an unreasonable determination of
> the facts in light of the evidence presented
> in the State court proceeding," id. §
> 2254(d)(2). "Under § 2254(d)(1)'s 'contrary
> to' clause, we grant relief only 'if the state
> court arrives at a conclusion opposite to that
> reached by [the Supreme] Court on a question
> of law or if the state court decides a case
> differently than [the Supreme Court] has on a
> set of materially indistinguishable facts.'"
> Jones v. GDCP Warden, 753 F.3d 1171, 1182
> (11th Cir. 2014) (quoting Williams v. Taylor,
> 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d
> 389 (2000)). "Under § 2254(d)(1)'s
> 'unreasonable application' clause, we grant

relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413, 120 S.Ct. 1495).

For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. White v. Woodall,- U.S. –, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n 'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citations and internal quotation marks omitted). And when a claim implicates both AEDPA and Strickland, our review is doubly deferential. Richter, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). [A petitioner] must

7

> establish that no fairminded jurist would have
> reached the Florida court's conclusion. <u>See</u>
> <u>Richter</u>, 131 S.Ct. at 786-87; <u>Holsey v.</u>
> <u>Warden, Ga. Diagnostic Prison</u>, 694 F.3d 1230,
> 1257-58 (11th Cir. 2012). "If this standard is
> difficult to meet, that is because it was
> meant to be." <u>Richter</u>, 131 S.Ct. at 786....

<u>Taylor v. Sec'y, Fla. Dep't of Corr.</u>, 760 F.3d 1284, 1293-94 (11th

Cir. 2014); <u>see</u> <u>also</u> <u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1230

(11th Cir. 2014).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling. <u>Hittson</u>, 759 F.3d at 1232 ("[T]here is

no AEDPA requirement that a state court explain its reasons for

rejecting a claim[.]"); <u>Richter</u>, 131 S.Ct. at 785 (holding that §

2254(d) does not require a state court to give reasons before its

decision can be deemed to have been adjudicated on the merits);

<u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th

Cir. 2002). Thus, to the extent that Solomon's claims were

adjudicated on the merits in the state courts, they must be

evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective

assistance of counsel. That right is denied when a defense

8

counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Id</u>., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id</u>., at 687, 104 S.Ct. 2052.

<u>Richter</u>, 131 S.Ct. at 787-88.

Since both prongs of the two-part <u>Strickland</u> test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the

prejudice prong, and vice-versa." <u>Ward v. Hall</u>, 592 F.3d 1144, 1163 (11th Cir. 2010)(citation omitted). "Surmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id</u>. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788.

<u>Hittson</u>, 759 F.3d at 1248; <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009); <u>see also</u> <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are

considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Solomon asserts that counsel (Assistant Public Defender James Michael Janousek, II) was ineffective because he failed to object to the prosecutor's unsworn statements to the judge at the November 19, 2009 violation of probation and sentencing hearing. Solomon raised this ineffectiveness of trial counsel claim in his Rule 3.850 motion in state court. Identifying the two-prong Strickland ineffectiveness test as the controlling law, the court denied the post conviction motion with respect to this claim, stating in pertinent part:

> In Ground One, the Defendant argues that Counsel was ineffective for failing to object to the State Attorney's vivid description of the Defendant's alleged attack on his girlfriend that was the basis of the Georgia convictions of Battery and Aggravated Assault.[1] The Defendant argues that this failure caused the judge to impose a harsher sentence.
>
> Ground One fails. As discussed above, hearsay is admissible at a VOP hearing as long as it does not form the sole basis of a court's revocation. The State Attorney's hearsay description did not form the sole basis of the revocation, since the Defendant was actually convicted in Georgia of the Battery and Aggravated Assault that the State Attorney described, and these convictions

---

[1] See Tr. at 12-13.

> constituted only two of his several violations
> in the instant case. Therefore, it was
> permissible for the State Attorney to present
> this hearsay evidence to this Court. Because
> the statements of the State Attorney did not
> warrant an objection, Counsel was not
> ineffective for failing to object; counsel
> cannot be ineffective for failing to raise a
> meritless claim. <u>Dailey v. State</u>, 965 So.2d
> 38, 47 (Fla. 2007). Therefore, Ground One is
> DENIED.

Resp. Ex. J at 10 (emphasis deleted). The appellate court affirmed the trial court's denial per curiam.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Thus, the Court considers this claim in accordance with the deferential standard for federal court review of state court adjudications. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Solomon is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of this claim are not entitled to deference, Solomon's ineffectiveness claim is still without merit. The trial court's conclusion is fully supported by the record. In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption

in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, Solomon must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward v. Hall, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On the record in this case, counsel's performance was well within the wide range of professionally competent assistance. The prosecutor's summary of the facts underlying Solomon's Georgia conviction for battery and aggravated assault was based on the Americus, Georgia, Police Department's Family Violence Incident Report, dated June 29, 2007, see Resp. Ex. M, and the "State of Florida Department of Corrections Addendum to Violation Report Dated January 5, 2005," dated October 5, 2007, see Resp. Ex. N. As such, counsel cannot be faulted for failing to object to the prosecutor's rendition of the facts. Solomon failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Solomon has not shown prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had objected to the prosecutor's factual summation. Therefore, Solomon's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## B. Ground Two

As ground two, Solomon asserts that counsel was ineffective because he failed to produce records from the Georgia Department of Corrections to confirm Solomon's good behavior and rehabilitative efforts while incarcerated. Solomon raised this ineffectiveness of trial counsel claim in his Rule 3.850 motion in state court.

14

Ultimately, the circuit court denied the post conviction motion with respect to this claim, stating in pertinent part:

> In Ground Two, the Defendant argues that Counsel was ineffective for failing to obtain records from the Georgia prison system confirming his good behavior and rehabilitation during incarceration. The Defendant argues that this failure caused the judge to impose a harsher sentence, "particularly in light of the fact that my counsel presented no mitigating evidence." Motion at 3.
>
> Ground Two fails for two reasons. First, the Defendant's claim that Counsel presented no mitigating evidence is refuted by the record, as the attached Transcript reflects that Counsel called the Defendant as a witness to describe factors in mitigation.[2] See attached Transcript.
>
> Second, the Defendant's conviction and imprisonment in another state was itself a violation of the felony probation the Defendant was serving in the instant case. Therefore, his good behavior while serving a sentence that constituted a violation of the terms of this Court's sentence is likely not a "truly mitigating" circumstance. <u>Miller v. State</u>, 770 So.2d 1144, 1149 (Fla. 2000) (finding that trial courts must determine whether each mitigating factor is supported by the greater weight of the evidence and, if so, whether it is truly mitigating). Therefore, Counsel's failure to obtain prison records describing the Defendant's good behavior during incarceration was not ineffective; counsel cannot be ineffective for failing to raise a meritless claim. <u>Dailey v. State</u>, 965 So.2d 38, 47. As a result, Ground Two is DENIED.

---

[2] <u>See</u> Tr. at 7-8, 14-15.

Resp. Ex. J at 10-11 (emphasis deleted). The appellate court affirmed the trial court's denial per curiam.

Given the record in the instant action, the appellate court may have affirmed the denial of Solomon's motion for post conviction relief on the merits. If the appellate court addressed the merits, Solomon would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Solomon is not entitled to relief on the basis of these claims.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Solomon's claim is still without merit. The trial court's conclusion is fully supported by the record. Based on the record in the instant case, counsel's performance was within the wide range of professionally competent assistance. Even assuming arguendo deficient performance by defense counsel for failing to produce Solomon's records from the Georgia Department of

Corrections to demonstrate Solomon's good behavior and rehabilitative efforts while incarcerated, Solomon has not shown prejudice. Thus, Solomon's ineffectiveness claim fails because he has shown neither deficient performance nor resulting prejudice.

### C. Grounds Three and Four

Solomon asserts that counsel was ineffective because he failed to call: Solomon's sister (ground three), and Shalonda Walton, the victim of the 2007 battery and aggravated assault in Georgia (ground four), as character witnesses. Solomon raised these ineffectiveness claims in his Rule 3.850 motion in state court, and the circuit court denied the post conviction motion as to these claims, stating in pertinent part:

> In Grounds Three and Four, the Defendant argues that Counsel was ineffective for failing to call his sister and "the alleged victim" as character witnesses. The Defendant argues that this failure caused the judge to impose a harsher sentence, "particularly in light of the fact that my counsel presented no mitigating evidence."
>
> Grounds Three and Four fail for several reasons. First, the grounds are facially insufficient. When a defendant alleges ineffective assistance of counsel for failure to call a witness, the defendant must state with particularity the identity of the witness, the substance of the expected testimony, and how the omission of this evidence prejudiced the outcome of the trial. Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993). A defendant must also allege that the witness was available to testify at trial. Nelson v. State, 875 So.2d 579 (Fla. 2004).

17

Here, the Defendant has alleged that his sister "would have testified that I am a good person at heart, a good brother, a good father, and that I am serious about my rehabilitation" and that "the alleged victim ... would have testified that what the State Attorney said was untrue." Motion at 3, 4. However, the Defendant has failed to allege that the witnesses were actually available to testify and has failed to identify how the omission of this evidence prejudiced the outcome of the VOP hearing. The Defendant merely makes the conclusory statements that, (1) his sister's testimony "would have influenced my sentencing judge to impose a less severe sentence, particularly since my counsel presented no mitigating evidence" and, (2) that "the alleged victim['s] testimony "would have changed the outcome to my benefit." Motion at 4. Conclusory statements such as these are insufficient to support postconviction relief. Atwater v. State, 788 So.2d 223 (Fla. 2001).

This Court will not grant the Defendant leave to amend these insufficiencies, as it is clear that the defects cannot be corrected. See Parsons v. State, 981 So.2d 1249, 1250 (Fla. 5th DCA 2008) ("In Spera, our Supreme Court ruled that a defendant who files a legally insufficient rule 3.850 motion should be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected.") (emphasis added).

These defects cannot be corrected for several reasons. First, as discussed in Ground Two, the claim that Counsel presented no mitigating evidence is refuted by record (the attached Transcript reflects that Counsel called the Defendant as a witness to describe factors in mitigation). See attached Transcript.[3] Further, the sentencing of the Defendant and the revocation of his probation

---

[3] See Tr. at 7-8, 14-15.

18

were solely within this Court's discretion
subjected [sic] to a lower evidentiary
standard, and testimony of two witnesses with
clear bias (the Defendant's sister and the
Defendant's girlfriend, who was "the alleged
victim"), would have likely held little
weight. Even if this Court had heard testimony
from "the alleged victim" that the State
Attorney's description of the manner of the
Battery/Aggravated Assault was untrue, this
Court would have been required to weigh the
credibility of the actual judgments and
convictions against the victim's testimony.
Russell v. State, 982 So.2d 642, 646 (Fla.
2008) (the statements of the victim and the
probationer, the type of injury, the demeanors
of the victim and the probationer, and the
credibility of the witnesses all factor into
the trial court's weighing of the evidence at
a VOP hearing).

Further, even if this Court had heard and
believed testimony from the Defendant's sister
regarding his good character, this Court was
still faced with sentencing the Defendant
based on all of his actual violations of his
probation, which included: the Georgia
convictions of Battery and Aggravated Assault;
failing to report; failing to complete the
required activities log; being absent from his
approved residence without permission; and,
significantly, testing positive for cocaine
use - a crime for which the Defendant was
serving felony probation concurrent to the
instant case when he was convicted of the
Georgia attack. See attached Transcript.

In addition, this Court will not grant
leave to amend the instant motion because the
Defendant could likely not meet the prejudice
prong of the Strickland standard even if he
amended his motion, as Counsel's
representation ultimately resulted in the
Defendant's being sentenced to only ten years
in DOC on the instant case, when the second-
degree felony could have resulted in a

> sentence of fifteen years.[4] Fla. Stat. §
> 775.082. Accordingly, Grounds Three and Four
> are DENIED with prejudice.

Resp. Ex. J at 11-12 (selected emphasis deleted). On appeal, the appellate court affirmed the denial per curiam.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Thus, the Court considers these claims in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Solomon is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of these claims are not entitled to deference, Solomon's ineffectiveness claims, nevertheless, are without merit because the trial court's conclusions are supported by the record. Counsel's performance was well within the range of professionally competent assistance. Solomon has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonable professional assistance when counsel failed to call Solomon's

---

[4] See Tr. at 13, 16.

sister and Shalonda Walton to testify as to Solomon's good character and rehabilitative accomplishments. Even assuming arguendo deficient performance by defense counsel, Solomon has not shown prejudice. Therefore, Solomon's ineffectiveness claims are without merit since he has shown neither deficient performance nor resulting prejudice.

### VIII. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Solomon seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Solomon "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See

Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Solomon appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2015.


MARCIA MORALES HOWARD
United States District Judge


sc 1/5
c:
James Solomon
Ass't Attorney General (Heller)

23